UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § CRIMINAL NO. SA-19-CR-0524-OG |
| ROBERT WAYNE BOLING, JR. (1), | § |
| FREDRICK BROWN (2), | § |
| TRORICE CRAWFORD (3), | § |
| ALLAN ALBERT KERR (4), and | § |
| JONGMIN SEOK (5) | § |

**MOTION FOR A PROTECTIVE
ORDER PURSUANT TO F.R.Cr.P. 16(d)**

Pursuant to Rule 16(d)(1), Fed. R. Crim. P, the United States of America, by and through the United States Attorney for the Western District of Texas, seeks a Protective Order pertaining to discovery that will be produced in the above-captioned case. In support of its Motion, the Government shows the following:

1. On July 23, 2019, a federal grand jury in the Western District of Texas returned a 14-count indictment charging Defendants Robert Wayne Boling, Jr., Fredrick Brown, Trorice Crawford, Allan Albert Kerr, and Jongmin Seok with violating 18 U.S.C. §§ 1343 (wire fraud), 1349 (conspiracy to commit wire fraud), 1956 (conspiracy to commit money laundering) and 1028A (aggravated identity theft) (collectively, the SUBJECT OFFENSES). Presently, Defendants Brown and Crawford are in federal custody within the United States and have attorneys.[1]

2. Rule 16(d)(1) of the Federal Rules of Criminal Procedure explicitly provides that

---

[1] Defendants Boling, Kerr, and Seok are in foreign custody outside the United States. The United States is in the process of attempting to bring those defendants to the United States to face these charges.

1

"at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court counseled long ago that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also United States v. Carriles*, 654 F. Supp. 2d. 557, 566 (W.D. Tex. 2009) (citing *Alderman*). The Fifth Circuit has held that discovery motions are matters committed to the sound discretion of the trial court and are reviewed only for abuse of discretion. *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973).

3. The discovery materials in this case are extensive and sensitive. The essence of the charges in this matter concerns the alleged theft and exploitation of Personally Identifiable Information ("PII") of individuals with a military affiliation (e.g, veterans, members of the armed forces and military dependents) by the Defendants. As such, the discovery materials will include a significant amount of PII of the victims as well as of the defendants and other witnesses. This PII includes bank account information, social security numbers, addresses, telephone numbers, dates of birth, military service records, military benefits information and tax information.

4. Accordingly, the United States seeks a protective order prohibiting the dissemination of any and all discovery materials to any person other than the defendants in this case, the attorneys of record in this case, the attorney's employees, and members of the defense team to include experts, investigators in this case. Further, since the defendants are presently in custody and accused of offenses involving the theft and exploitation of PII, this protective order would prohibit defense counsel from allowing their respective clients to personally retain any discovery containing PII in any form.

5. As proposed, this protective order would not preclude any defense counsel from showing or discussing any provided discovery with witnesses, their respective clients or any

member of the defense team such as, but not limited to, experts and investigators, only from providing any third parties not referenced above copies of the materials. Further, this protective order would prohibit the defendant(s) from sharing, showing, providing, discussing or otherwise disclosing discovery materials and the contents thereof to anyone except for their respective attorneys, their attorney's employees, and the defense team to include experts and investigators.

6. The undersigned has conferred with counsel for the defendants regarding the instant motion. Counsel for all defendants are in agreement with the proposed order.

7. WHEREFORE, PREMISES CONSIDERED, the Government respectfully requests that the above described discovery material and documents related to the ongoing criminal investigation and which contain PII be protected from disclosure as set forth herein. In the alternative, the Unites States requests that this matter be set for a hearing.

Respectfully submitted,

JOHN. F. BASH
UNITED STATES ATTORNEY

BY: ___/s/Joseph E. Blackwell_____
JOSEPH E. BLACKWELL
Assistant U.S. Attorney
Texas Bar # 24045504
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7350
Joseph.Blackwell@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2019, a true and correct copy of the foregoing instrument via ECF to all counsel of record.

___/s/_____
JOSEPH E. BLACKWELL
Assistant United States Attorney